FILED
2018 Feb-07 PM 04:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES N. CARROLL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:17-cv-00391-TMP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

Pending before the court is a Motion to Dismiss filed by the defendant, United States of America, on June 23, 2017. (Doc. 12). The *pro* se Amended Complaint was filed on April 21, 2017. (Doc. 7). Although the complaint names only the United States of America as a defendant, it alleges a complex land-title dispute which apparently led to the plaintiff putting his construction company, JBJ Construction into bankruptcy.[1] The motion to dismiss this action has been fully briefed, and the parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 16). Accordingly, the court enters the following Order granting the defendant's Motion to Dismiss.

---

[1] Mr. Carroll's woes did not end there. He was charged criminally with defrauding the bankruptcy court by failing to disclose all of the bankrupt company's assets and income. He pleaded guilty to the federal criminal charges in Case No. 7:15-cr-312-LSC-JEO.

The plaintiff has failed to establish that the court has subject-matter jurisdiction over his complaint. The face of the complaint does not set forth any basis for concluding that jurisdiction exists pursuant either to 28 U.S.C. § 1331 (federal question jurisdiction) or § 1332 (diversity of citizenship). Furthermore, as the defendant argues, the face of the complaint does not indicate that the United States of America has waived its sovereign immunity.

As the Supreme Court announced in <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375, 377 (1994), "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute. . . ." Federal Rule of Civil Procedure 8(a)(1) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Notably, subject-matter jurisdiction exists (1) where the United States Constitution or a federal statute provide a cause of action (federal question jurisdiction) or (2) where complete diversity exists among the parties and the amount-in-controversy exceeds $75,000 (diversity jurisdiction). <u>See</u> 28 U.S.C. §§ 1331 and 1332. Diversity jurisdiction, however, does not exist between a plaintiff and the United States[2]; in other words, diversity jurisdiction cannot be used as a

---

[2] Insofar as the plaintiff intends the complaint to sue Commonwealth Title and First Financial Bank for fraud or negligence arising out of the "Logan Farms Subdivision" dispute (and there is nothing in the *pro se* complaint indicating an intent to sue either of these entities), there is an absence of complete diversity of citizen for jurisdictional purposes. While Commonwealth might be a citizen of Florida (it is unclear because the complaint makes no jurisdictional allegations), First Financial Bank is clearly identified as an Alabama bank.

basis to establish jurisdiction if a plaintiff sues only the United States. See 28 U.S.C. § 1332(a)(1)-(4).

Additionally, the United States "may not be sued without its consent." United States v. Mitchell, 463 U.S. 206, 212 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994); see also United States v. Sherwood, 312 U.S. 584, 586 (1941); JBP Acquisitions, LP v. United States, 224 F.3d 1260, 1263 (11th Cir. 2000). "Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" Meyer, 510 U.S. at 475 (quoting Sherwood, 312 U.S. at 586); see also Mitchell, 463 U.S. at 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"). Because "the burden of establishing [federal jurisdiction] rests upon the party asserting jurisdiction," Kokkonen, 511 U.S. at 377, a plaintiff "must prove an explicit waiver of [sovereign] immunity" when suing the United States of America. Ishler v. Internal Revenue, 237 Fed. App'x 394, 398 (11th Cir. 2007).

Here, the plaintiff failed to state the grounds for subject-matter jurisdiction in his complaint. He did not allege that any federal question jurisdiction existed. As noted previously, the plaintiff cannot rely on diversity jurisdiction as a proper

3

basis of subject-matter jurisdiction in this case because he is suing only the United States of America. Furthermore, the plaintiff has failed to allege a waiver of sovereign immunity by the defendant.

Therefore, because the court lacks subject-matter jurisdiction to adjudicate this action, the defendant's Motion to Dismiss is GRANTED for want of subject-matter jurisdiction in the Amended Complaint.[3] The plaintiff's complaint is hereby DISMISSED WITHOUT PREJUDICE.[4]

**DONE** and **ORDERED** on February 7, 2018.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE

---

[3] The court also takes notice that the Amended Complaint likely does not clearly state a claim upon which relief can be granted as to any potential defendant, named and not named, which makes the dismissal of the above-styled action appropriate under Fed. R. Civ. P. 12(b)(6). However, the defendant did not raise this argument in its Motion to Dismiss, and the court pretermits any further discussion of this issue.

[4] The multiple notices filed by the plaintiff, which appear to assert new causes of action (see docs. 21 – 42, 44-48), do not establish subject matter jurisdiction for the underlying amended complaint. In fact, the notices have no relation to the complaint or pending Motion to Dismiss.